NO. 07-04-0381-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



SEPTEMBER 8, 2004


______________________________



DANNY CLEMENT,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 7TH DISTRICT COURT OF SMITH COUNTY;



NO. 007-2018-03; HON. KERRY L. RUSSELL, PRESIDING


_______________________________



ABATEMENT AND REMAND


_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.


 Appellant Danny Clement appeals from a judgment convicting him of possession of
a controlled substance. The reporter's record is due in this cause. An extension of the
applicable deadline was sought by the court reporter. To justify the extension, the court
reporter represented that appellant has failed to pay or make arrangements to pay for the
record. Nothing of record shows that appellant is indigent and entitled to a free record.

 Accordingly, we now abate this appeal and remand the cause to the 7th District Court
of Smith County (trial court) for further proceedings. Upon remand, the trial court shall 
immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to
determine the following: 

 1. whether appellant desires to prosecute the appeal; 

 2. whether appellant is indigent; and, 

 3. whether the appellant is entitled to appointed counsel and a free appellate 

 record. 


The trial court shall cause the hearing to be transcribed. So too shall it 1) execute findings
of fact and conclusions of law addressing the foregoing issues, 2) cause to be developed
a supplemental clerk's record containing the findings of fact and conclusions of law and all
orders it may issue as a result of its hearing on this matter, and 3) cause to be developed
a supplemental reporter's record transcribing the evidence and arguments presented at the
aforementioned hearing. Should it be determined that appellant wishes to prosecute the
appeal, is indigent, and is entitled to an appointed attorney but has none, then the trial court
shall appoint counsel, unless appellant knowingly and voluntarily waives counsel. 
Furthermore, the name, address, and phone number of any counsel appointed by the trial
court to represent appellant shall be included in the supplemental record. The trial court
shall also file both supplemental records with the clerk of this court on or before October 
8, 2004. Should further time be needed by the trial court to perform these tasks, then it
must be requested before October 8, 2004. 

 It is so ordered. 

 Per Curiam 

 Do not publish. 



oman">Do not publish.
1. The case proceeded in the trial court under cause number 2005-408,683 and
appellant was convicted of Retaliation. That conviction is the subject of a separate appeal
in cause number 07-06-00417-CR.
2. No post-trial motion appears from the record before us. Even if such a motion had
been filed, extending the time to perfect appeal, appellant's notice of appeal still would be
untimely. Tex. R. App. P. 26.2(a).